**NOT FOR PUBLICATION** [5]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
**COMCAST**                             :
**CABLE COMMUNICATIONS LLC,**           :   Civil Action No. 06-2832 (FLW)
                                        :
                                        :
       Plaintiff,                       :
                                        :   **OPINION**
       v.                               :
                                        :
**YVONNE BARNER,**                      :
                                        :
       Defendant.                       :
_____  :

**WOLFSON, District Judge**

     Presently before the Court is a motion by Plaintiff Comcast Cable Communications LLC ("Comcast" or "Plaintiff") for default judgment on its claims against Defendant Yvonne Barner ("Defendant"), for failure to appear or otherwise respond to Plaintiff's Complaint of June 22, 2006. For the reasons set forth below, Plaintiff's motion will be GRANTED.

**I. BACKGROUND**

     Comcast is a cable television operator that provides proprietary programming, telecommunications and internet services throughout New Jersey. Riley Amended Cert. ¶ 3. Comcast offers programming to its subscribers in "packages", which subscribers receive at various monthly rates, depending on the package chosen. Pl. Mot. Default J. at p. 3. To prevent unauthorized access, Comcast scrambles the signals for specific programming services. Id. Subscribers purchasing scrambled services are provided with a decoder, which is incorporated

into the converter and decodes the scrambled service so that the purchased programming can be viewed by the subscriber. Id. at 4.

Through the purchase and use of unauthorized, or "pirate", converter-decoders, individuals can gain access to Comcast's scrambled programming services without authorization and without making payment for such programming. Id. Defendant has been a subscriber of Comcast, and as such, was receiving Plaintiff's cable programming signal from April 30, 2001 to November 14, 2003. Compl. ¶ 21. According to the record, Defendant purchased two bootleg "pirate" cable decoding devices, referred to as RFT Gold and DPBB-106, on or about December 4, 2001 and January 8, 2002 from an entity known as Wholesale Electronics, which allowed Defendant to intercept and receive programming services without authorization from or payment to Comcast. McGinnins Cert. at ¶ 17, Ex. B.

Comcast has sued Defendant for receiving unauthorized cable service and brought this action for violation of 47 U.S.C. § 553 (the "Communications Act"). Comcast seeks damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) in an amount up to the statutory maximum of $10,000. Comcast is also seeking injunctive relief and attorneys' fees.

## II. STANDARD FOR DEFAULT JUDGMENT

Fed. R. Civ. P. 55 governs the entry of default judgment. To obtain default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this Court whether to grant a motion for default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). When a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. V. Corbin, 908 F.2d

1142, 1149 (3d Cir. 1990).  However, even after properly following the requirements of Rule 55,

parties are not entitled to judgment as of right, as it is left primarily to the sound discretion of the

Court.  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  The court's discretion is "not

without limits", however, as the preference is to dispose of cases on the merits whenever

practicable.  Id. at 1181 (citations omitted).

### III.  DISCUSSION

Comcast filed a Complaint against Defendant on June 22, 2006.  Riley Amended Cert. ¶

5.  Defendant was served with a Summons and Complaint on June 30, 2006 in compliance with

Fed. R. Civ.P. 4(e)(2).  Id. at ¶ 6.  Defendant failed to answer within the 20 days prescribed by

Fed. R. Civ. P. 12.  Id. at ¶ 7.  On September 8, 2006, Comcast moved for default, and on

September 11, 2006, the Clerk of the Court entered default judgment against Defendant, as

prescribed by Fed. R. Civ. P. 55(a).  Id. at ¶ 8.

Comcast brings this action against Defendant pursuant to the Communications Act.

Pursuant to 47 U.S.C. § 553(a)(1), "[n]o person shall intercept or receive or assist in intercepting

or receiving any communications service offered over a cable system, unless specifically

authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

The facts plead in the Complaint are sufficient to state a cause of action thereunder.  Defendant

has failed to appear and defend Comcast's claims against her upon receipt in June 2006, of the

Summons and Complaint.  Defendant has likewise failed to oppose the instant Motion for

Default Judgment.  Thus, the Court finds Comcast's motion for final judgment by default under

Fed. R. Civ. P. 55(b)(2) is warranted at this time.

Comcast requests money damages in the form of statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A). The range of statutory damages for a violation of § 553 is $250.00 through $10,000.00. See 47 U.S.C. § 553(c)(3)(A). Given its "difficulties of proving actual damage" and the "willful" nature of Defendant's conduct, Comcast contends that a statutory damages award in the maximum amount of $10,000.00 is appropriate here. Pl. Mot. Default J. at 6.

"To calculate a 'just' award of statutory damages under § 553(c)(3)(A)(ii), most courts consider the value of the services to which the defendant had unauthorized access." Comcast v. Weigel, No. 05-cv-2016, 2006 WL 2460652 at * 3 (D.N.J. Aug. 22, 2006). As noted by the court in Comcast v. Weigel, "[s]ome courts have concluded that 'statutory damages should be as reasonable an estimate of actual damages as the facts allow, not greater'" while others "have added a punitive element to the damages calculation." Id. at * 4 (citations omitted).

Comcast argues "it is conceivable that pirating all premium channels and pay-per-view programs could exceed $5,000.00 per month in programming not being paid." P. Mot. Default J. at 7. However, as the court noted in Comcast v. Weigel, *supra*, 2006 WL 2460652 at * 4, "it is difficult to fathom how an individual might reasonably consume $5000.00 worth of cable television services on a monthly basis." Id. This Court agrees with the approach taken by the Court in Comcast v. Weigel and therefore finds it appropriate in computing an appropriate statutory damages award to approximate "a reasonable amount of compensation . . . while taking into consideration the duration of Defendant's ownership of the device." Id. at * 5. The Court therefore finds, as did the court in Comcast v. Weigel, that damages in the amount of $250.00 per month provide reasonable compensation to Plaintiff, while taking into consideration Defendant's ownership of the device. Here, because Defendant possessed the device as early as December 4,

4

2001, presumably through the filing of the Complaint in June 2006, the Court finds the full statutory award of $10,000.00 appropriate in that an award in the amount of $250.00 per month for a period of fifty-three months would exceed the statutory maximum.

Comcast has also requested injunctive relief pursuant to 47 U.S.C. § 553(c)(2)(A) based upon its belief that, unless restrained by this Court, Defendant will continue to violate 47 U.S.C. § 553. "Generally, to obtain a permanent injunction, a plaintiff must show that (1) the Court's exercise of equity jurisdiction is proper, (2) the Plaintiff has succeeded on the merits, and (3) the balance of equities tips in favor of injunctive relief." Comcast v. Weigel, *supra*, 2006 WL 2460652 at * 5. However, where Congress has provided for injunctive relief pursuant to a statute, as in § 553(c)(2)(A), "courts often forego weighing the traditional equitable considerations." Id. (citing Burlington N.R.R. Co. v. Dep't of Revenue, 934 F.2d 1064, 1074-75 (9th Cir. 1991); TKR Cable Co. v. Cable City Corp., 1996 WL 465508, at *10 (D.N.J. Jul. 29, 1996), vacated in part on other grounds, 267 F.3d 196 (3d Cir. 2001); Time Warner Cable of New York City v. Freedom Elec., 897 F.Supp. 1454, 1460 (S.D.Fla. 1995); Sec. Ind. Ass'n v. Bd. of Governors of Fed. Reserve Sys., 628 F.Supp. 1438 (D.D.C. 1986). Here, the Court finds an award of injunctive relief appropriate under § 553(c)(2)(A) and, thus, permanently enjoins Defendant from committing or assisting in the commission of any further violation of the Communications Act.

Finally, Comcast seeks $2666.19 in attorneys' fees and costs. Riley Amended Cert. ¶¶ 11, 12. Comcast has submitted an affidavit setting forth the amount of costs and attorneys' fees incurred in prosecuting this action. This Court finds the time billed and rates charged by counsel

are reasonable.  Pursuant to 47 U.S.C. § 553(c)(2)(C), Comcast is entitled to such reasonable fees and costs.

## IV.  CONCLUSION

For the foregoing reasons, Comcast's Motion for Default Judgment against Defendant is granted.  Comcast may recover the sum of $10,000.00 in damages, plus post judgment interest, $2666.19 in attorneys' fees and costs and the Court will enjoin Defendant from committing or assisting in the commission of any further violation of the Communications Act.  An appropriate order will follow.

<div style="text-align: right;">
s/ Freda L. Wolfson<br>
Honorable Freda L. Wolfson<br>
United States District Judge
</div>

Dated: February 28, 2007